BEAM, Circuit Judge,
dissenting.
The government requested a stay in this matter pending the Supreme Court’s decision in United States v. Reorganized CF & I Fabricators, Inc., — U.S. -, 116 S.Ct. 2106, 135 L.Ed.2d 506 (1996), asserting that the decision would “in all likelihood control the outcome of this case.” Reorganized CF & / 'determined that an identical tax assessment under an almost identical statute was, indeed, a nonpecuniary loss penalty for purposes of priority, in a bankruptcy proceeding. The government, recovering from its surprise, reversed its field and now attempts to distinguish this case from Reorganized CF & I. I disagree , with this tactic and also disagree with the court’s analysis of the nature and character of the fifteen percent assessment under the standards established in Reorganized CF & I.
The court depends largely upon its belief that the fifteen percent assessment compensates the government for pecuniary loss resulting from taxes not collected on the excess funds directed into the pension plan but now returned to the employer. This reasoning is flawed.
First, ordinary income taxes are levied upon the returned funds. Tax revenues are collected on both the initial amounts directed into the fund and accrued earnings, ii any.
Second, the penalty is assessed whether or not the employer has actually enjoyed tax benefits and without regard to whether there has been any revenue loss by the government. A company operating at a loss would have no benefit from a deduction for funds directed into the plan. If the plan has had no earnings because of the nature of its investments, there would be no tax losses by the government from untaxed income within the plan. Also, the flat rate penalty is assessed without regard to the length of time the returned funds have been held by the plan.
*904 Third, had the returned funds been directed to employees instead of the coffers of the employer, no assessment would have been levied at all. Thus, in reality, there is no discernible relationship between the penalty and revenue purportedly lost by the government.
I agree with the bankruptcy court that the assessment is simply a penalty. I would reverse.